# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH JAMES CASTELLANO, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-381 (MPS) |
| | : | |
| v. | : | |
| | : | |
| DONALD TRUMP, et al., | : | |
| Defendants. | : | SEPTEMBER 29, 2017 |
| | : | |

## RULING ON MOTIONS TO REOPEN AND AMEND

Plaintiff Joseph James Castellano, currently incarcerated, filed this case *pro se* under 42 U.S.C. § 1983 asserting claims for payment for technology he developed. The Court dismissed the complaint because the named defendants, President Donald Trump and the Congressional Appropriations Committee are immune from suit. The Court previously denied three motions to reopen judgment. In the last ruling, the Court afforded the plaintiff one more opportunity to move to reopen judgment and file a proposed amended complaint. The Court specifically noted that the prior amended complaint was not a short and plain statement of the plaintiff's claims. Some of the deficiencies identified were inclusion of lengthy statements of scientific and medical topics and summaries of the law throughout the allegations. The plaintiff now has filed a new motion to reopen and proposed amended complaint. For the reasons that follow, the motion to reopen is denied.

First, the Court notes that the plaintiff has submitted two proposed amended complaints with his motion to reopen. The first is on the court-supplied form. In the fact section of the

form, the plaintiff references his attachment.  The second proposed amended complaint is handwritten and 70 pages long.  As he did with the prior amended complaint, the plaintiff includes summaries of the law and statements on scientific and medical topics in the handwritten complaint.  If, as it appears, the plaintiff intends the Court to review both documents, he has not complied with the Court's order directing him to omit statements of scientific and medical topics.

Second, as the Court previously stated, Rule 8(a)(2) of the Federal Rule of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  The amended complaint is neither short nor plain.  The plaintiff's allegations against the defendants are spread throughout the lengthy statements of scientific and medical topics and summaries of the law.

Third, an amended complaint is intended to clarify or amplify the original cause of action, not add new causes of action.  *See Wilson v. McKenna*, No. 3:12-cv-1581(VLB), 2015 WL 1471908, at *14 (D. Conn. Mar. 21, 2015) (citing *Klos v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995)).  The original complaint asserted a claim against the President and Congress for lack of recognition and payment for developing a cure for the ebola virus.  In the Initial Review Order, the Court explained that, even if the plaintiff has identified proper defendants, he failed to identify any basis for a claim in federal court.

In the proposed amended complaint, the defendants are the Commissioner of Correction and two doctors, a medical doctor and a psychiatrist, working in the Department of Correction.  The plaintiff alleges that he gave his "cures" to the doctors, but then alleges that the cures were stolen from him.  This appears to be a state law conversion claim, not a claim for the violation of

a federally created right.

If the plaintiff is attempting to recharacterize his claim as a claim for deprivation of property without due process, the claim is not cognizable. A prisoner can state a due process claim for loss of property only if the state has not created adequate post-deprivation remedies. *See Edwards v. Erfe*, 588 F. App'x 79, 80 (2d Cir. 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Connecticut provides a remedy for lost or destroyed property. Under Connecticut General Statutes § 4-141, et seq., a prisoner may bring a claim against the Connecticut Claims Commission unless there is another administrative remedy for his claim. Conn. Gen. Stat. § 4-142. The Department of Correction also has established an administrative remedy for lost or destroyed property. See Department of Correction Administrative Directive 9.6(16)(B), www.ct.gov/doc (last visited Sept. 27, 2017). Thus, the plaintiff can utilize the administrative remedy and then proceed to the Claims Commission if his claim is denied. As he has adequate state remedies, his claim is not cognizable as a due process violation.

The plaintiff also adds claims for deliberate indifference to medical needs and intentional infliction of emotional distress based on exposure to radon gas. These claims are distinct from the claim in the original complaint and, thus, not properly included in an amended complaint.

The plaintiff's motion to amend and reopen this case [**ECF No. 22**] is **DENIED**. The plaintiff may assert in a new complaint the deliberate indifference to medical needs claim based on radon exposure that he was attempting to add to this action.

**SO ORDERED** this 29th day of September 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

3